

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:RJN
F.# 2009R01478

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

September 30, 2009

**By Hand & ECF**

The Honorable Charles P. Sifton
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Joseph Sclafani
           Criminal Docket No. 99-1146 (CPS)

Dear Judge Sifton:

      The defendant, Joseph Sclafani, is currently scheduled to be sentenced for his violation of supervised release on October 14, 2009.  On September 16, 2009, the defendant pled guilty to violating the terms of his supervised release by leaving New York City without permission from the Court or from his Probation Officer.  Pursuant to the Court's order on September 16, 2009, the government respectfully submits this letter regarding the defendant's sentence.

I.    Background

      As described in more detail in the United States Probation Department's Presentence Investigation Report ("PSR") (a copy of the PSR is attached, but is not filed electronically), on July 24, 2000, the defendant pled guilty to Racketeering, in violation of 18 U.S.C. §§ 1962(c) and 1963, and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846.  Within the racketeering count, the defendant pled guilty to three predicate acts: conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846; conspiracy to distribute cocaine, in violation of 18 U.S.C. § 846 and bank fraud, in violation of 18 U.S.C. § 1344.  PSR ¶¶ 1-6.

      On December 8, 2000, the defendant was sentenced to 97 months imprisonment and four years of supervised release.  At the time of his sentence, he was found to be within Criminal History Category III due in part to his conviction for harboring a fugitive and for weapons possession charges that stemmed from his

involvement in a shootout that occurred while he was driving with Gus Ferace, a suspect in the murder of a Drug Enforcement Administration ("DEA") agent. During the shootout, Ferace was killed and the defendant was wounded. PSR ¶ 75-76. At the time, the defendant was believed to be a made member of the Gambino organized crime family. PSR ¶ 7.

The defendant began supervised release on November 14, 2007. As described more fully in the Probation Department's Violation of Supervised Release Report ("VOSR Report") and in the attachments to the VOSR Report, in September 2008, the defendant was investigated by DEA agents for suspected involvement in the distribution of marijuana. The defendant was arrested after it appeared that he attempted to receive delivery of a package containing marijuana from a UPS truck. Although the defendant was arrested, he was released later the same day and formal charges were never filed.

II. The Defendant's Subsequent Violation of Supervised Release

On May 2, 2009, the Kansas Highway Patrol stopped the defendant and another individual for speeding in Russell County, Kansas. Although the defendant was a passenger at the time, the car, a 2008 Cadillac, is owned by the defendant.

A search of the car revealed a false compartment in the rear bumper which contained $89,000. In addition, the troopers found $12,000 in the defendant's bag and 15 cell phones in the car.

The defendant stated that he was traveling to Las Vegas to gamble. He never requested permission from, or notified in any manner, the Court or his Probation Officer of his intention to travel. The defendant pled guilty to violating the terms of his supervised release by failing to request permission to travel.

III. The Sentencing Guidelines

As set forth in the VOSR Report, the defendant's violation is a Grade C violation pursuant to Section 7B1.1(a)(3) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). Because the defendant was found to be in Criminal History Category III at his original sentencing, the Guidelines recommend a term of imprisonment of five to eleven months for the violation. U.S.S.G. § 7B1.4(a).

      The government respectfully submits that a sentence within the recommended Guidelines range is appropriate. The circumstances of the defendant's conduct reflect that the charge is more serious than it may initially appear.

      First, the relatively large sum of money that the defendant was carrying suggests that the defendant's trip was well-planned. Moreover, there appears to have been no pressing need or emergency that caused the defendant to leave New York City without notifying his Probation Officer. Thus, there is no excuse for his failure to notify the Probation Department in advance. Second, the secret compartment in the rear bumper of the defendant's car, which contained $89,000, and the fact that the defendant was traveling with 15 different cell phones renders the circumstances of the defendant's trip and his planned activities suspicious, especially in light of the 2008 investigation into his suspected involvement in marijuana trafficking. According to DEA agents involved in the 2008 investigation, based on their training and experience, individuals involved in drug trafficking often have hidden compartments, or traps, in their vehicles to conceal drugs and money including drug trafficking proceeds. Although the defendant is not charged with further criminal activity, these facts demonstrate the seriousness of his failure to at least notify the Probation Officer of his whereabouts.

IV.   Conclusion

      For the reasons stated above, the government concurs with the sentencing recommendation of eleven months imprisonment set forth in the Probation Department's VOSR Report.

                              Respectfully submitted,

                              BENTON J. CAMPBELL
                              United States Attorney

                    By:     S/
                              Rachel J. Nash
                              Assistant U.S. Attorney
                              (718) 254-6072

cc:  Clerk of Court (by ECF)
    Eric Franz, Esq. (by mail and ECF)
    Robert Anton, U.S. Probation